UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

LEDEE                        CIVIL ACTION NO. 09-275

VERSUS                       U.S. DISTRICT JUDGE DEE D. DRELL

WILKINSON, et al             U.S. MAGISTRATE JUDGE JAMES D. KIRK

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Before the court is a motion by plaintiff for a temporary restraining order and preliminary injunction [**Doc. # 4**]. Plaintiff asks the court to order the prison doctor to provide him with his desired medical care.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)  A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In order for plaintiff to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury

outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not dis-serve the public interest.  <u>Piedmont Heights Civic Club, Inc. v. Moreland</u>, 637 F.2d 430 (5th Cir. 1981).

In the instant case, plaintiff has failed to meet the requirements set forth above.  The facts alleged do not appear by affidavit and the motion is not verified. The motion is simply a rehash of the complaint, which will be dealt with in due course. Further, plaintiff has not alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result to him before the adverse party can be heard in opposition and there is no substantial threat of irreparable injury prior to the time a hearing can be held in this matter.  Additionally, plaintiff has not shown that there is a substantial likelihood that his cause will succeed on the merits.  Plaintiff's motions for temporary restraining order and preliminary injunction should be denied.

Conclusion

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's request for  temporary restraining order and/or preliminary injunction [**Doc. #4**] be DENIED.  There will be an adequate opportunity to determine whether plaintiff's complaints have merit.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from

service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 20th day of April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE